IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

**STEVEN PADGETT KING v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 40300049      Jill Bartee Ayers, Judge**

_____

**No. M2017-00058-CCA-R3-PC**

_____

The petitioner, Steven Padgett King, appeals the dismissal of his post-conviction petition, arguing the post-conviction court erred in dismissing the petition as time-barred. Following our review, we agree with the petitioner and reverse the order of the post-conviction court dismissing the petition as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Steven Padgett King, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; John W. Carney, District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

For crimes committed on November 17, 2002, the petitioner pled guilty to the Class A felonies of especially aggravated kidnapping and aggravated rape. Tenn. Code Ann. §§ 39-13-305(a); -502. The petitioner received twenty-year sentences for each conviction to be served consecutively at 100% release eligibility. The original judgments were entered on January 15, 2004. At the time of entry, however, the judgment forms did not reflect the statutorily imposed community supervision for life provision that attaches to convictions for aggravated rape. Tenn. Code Ann. §§ 39-13-502; -524. Consequently, on August 25, 2016, the trial court entered an order amending the petitioner's judgment

forms to reflect the imposition of community supervision for life after the expiration of his sentences.[1]  After the judgment forms were amended, the petitioner filed a petition for post-conviction relief on November 15, 2016.  In his petition, the petitioner alleged "his [p]lea [a]greement was not knowingly nor intelligently entered because the original judgment has now been amended to include [c]ommunity [s]upervision for life, a punitive element that he did not agree to when he originally accepted his plea in 2004."  The post-conviction court dismissed the petition as time-barred on December 20, 2016, and this timely appeal followed.

## ANALYSIS

On appeal, the petitioner and the State assert the trial court erred in dismissing the petitioner's post-conviction petition as untimely.  The petitioner argues that, because the one-year statute of limitations began to run at the time of entry of the amended judgment for his aggravated rape conviction, his post-conviction petition was timely.  For reasons explained below, we agree.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file a petition for relief. Tenn. Code Ann. § 40-30-102(a).  "Time is of the essence of the right to file a petition for post-conviction relief."  *Id.*  Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims and an untimely petition must be dismissed.  *Id.* Upon the entry of an amended judgment, however, the one-year statute of limitations period for post-conviction relief is reset.  *See Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *4 (Tenn. Crim. App. Aug. 19, 2009) (citing *Manny T. Anderson v. State*, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4 (Tenn. Crim. App. April 30, 2003) (holding the one-year post-conviction limitations period runs upon the entry on an amended judgment)).

Pursuant to statute, "a person shall receive a sentence of community supervision for life who . . . commits a violation of § 39-13-502."  Tenn. Code Ann. § 39-13-524. Here, the petitioner pled guilty to aggravated rape pursuant to Tennessee Code Annotated section 39-13-502.  Thus, the community supervision for life sentence attached to his conviction for aggravated rape.  Tenn. Code Ann. §§ 39-13-502; -524.  The trial court amended the petitioner's judgments to reflect the community supervision for life sentence

---

[1]Though absent from the record on appeal, the petitioner filed a pro se Rule 36.1 motion to correct an illegal sentence wherein he alleged he did not agree to be sentenced to community supervision for life pursuant to Tennessee Code Annotated section 39-13-524.  The trial court dismissed the petitioner's motion, pursuant to *Derrick Brandon Bush v. State*, 428 S.W.3d 1 (Tenn. 2014), and entered an order amending the judgment forms to reflect the statutory requirement of community supervision for life.  Additionally, we note, the amended judgment forms are not included in the record on appeal.

on August 25, 2016, thus triggering the one-year statute of limitations for his post-conviction claims. *Garrett*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *4; *Anderson*, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4. Accordingly, the petitioner had until August 25, 2017, to file a petition for post-conviction relief. The record reflects the petitioner filed his petition for post-conviction relief on November 15, 2016, less than one year after the amended judgments were entered. Therefore, the petition was timely.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we reverse the post-conviction court's denial of the petition for post-conviction relief and remand for the post-conviction petition to be treated as timely.

_____
J. ROSS DYER, JUDGE